Filed 10/28/25  P. v. Williams CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B340567 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA464693 ) |
| v. | |
| TYRESE WILLIAMS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Tyrese Williams appeals from a postjudgment order denying his motion for relief due to discrimination pursuant to the Racial Justice Act (Penal Code §§ 745, 1473, subd. (e)) (RJA).)[1]  His appointed counsel filed a brief raising no issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Williams filed five supplemental briefs. We conclude that the trial court's order was not appealable and dismiss the appeal.

## BACKGROUND

In 2019, a grand jury indicted Williams and several others on 93 counts, including charges of criminal street gang conspiracy, robbery, burglary, mayhem, and torture.  In September 2021, Williams entered a no contest plea to three counts of first degree residential burglary (§ 459; counts 43, 61, 73) and one count of second degree commercial burglary (§ 459; count 58).  The court sentenced Williams to a total of nine years and four months in state prison, consisting of the upper term of six years on count 43, a consecutive term of eight months (one-third the mid-term) on count 58, and consecutive terms of 16 months (one-third the mid-term) on counts 61 and 73.

Williams filed several petitions for writ of habeas corpus with the trial court, alleging ineffective assistance of counsel and seeking resentencing on multiple grounds.  In February 2024, the court denied the petitions but appointed counsel to assist Williams in perfecting any remaining resentencing claims.  Accordingly, in May 2024, Williams filed a motion through appointed counsel requesting recall of sentence and resentencing under the RJA.  He argued there was evidence that a longer or more severe sentence was imposed on him and others of his race than on other similarly situated individuals. He also argued there was evidence of bias toward him because of his race exhibited by attorneys, expert witnesses, and the court. In addition, Williams "invited" the court to exercise its discretion under section 1172.1(a)(1) to recall his sentence and resentence him under new laws enacted since his initial sentence.

On August 5, 2024, the court issued a written order summarily denying the habeas petition based on the RJA.  The court found that the petition was

---

[1]      All undesignated statutory references are to the Penal Code.

vague and failed to allege facts to establish a prima facie case for relief.  The court did not address Williams's request for resentencing under section 1172.1.

Williams timely filed a notice of appeal from the court's August 5, 2024 order.

## DISCUSSION

Williams's appointed counsel filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo, supra*, 14 Cal.5th 216.  This court advised Williams of his right to file a supplemental brief (see *Delgadillo, supra*, 14 Cal.5th at pp. 231-232).  Williams filed five supplemental briefs, all challenging his original plea and sentence.  None of Williams's supplemental briefs raise any issues related to the RJA.

The trial court's decision denying Williams's motion for relief under the RJA is not appealable.  A defendant, like Williams, whose judgment is already final and who is currently incarcerated is permitted to bring an RJA claim only in a petition for writ of habeas corpus pursuant to section 1473. (§ 745, subdivision (j); see *People v. Hodge* (2024) 107 Cal.App.5th 985, 1000 (*Hodge*).)  To the extent that Williams raised his RJA claims in a motion, the trial court lacked jurisdiction to act on that motion, and the court's order denying that motion is not appealable. (*Hodge, supra*, 107 Cal.App.5th at p. 999, citing *People v. Loper* (2015) 60 Cal.4th 1155, 1165–1166.)  Additionally, to the extent the trial court treated Williams's motion as a petition for habeas corpus, the court's ruling denying that petition also is not appealable.  A defendant may not appeal a trial court's denial of a habeas petition, but may seek review only through a subsequent habeas petition filed in a reviewing court.  (See *Hodge, supra*, 107 Cal.App.5th at p. 1000, fn. 5, citing *In re Reed* (1983) 33 Cal.3d 914, 918, fn. 2, overruled on other grounds by *In re Alva* (2004) 33 Cal.4th 254, 262; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986.)

Williams also has not raised any issues on appeal with respect to resentencing under section 1172.1.  Nor could he. Section 1172.1 expressly denies defendants the right to file a petition for resentencing under that section and expressly excuses the trial court from acting on any such request by a defendant. (§ 1172.1, subd. (c).)  Because the trial court chose to ignore

Williams's request, as it was entitled to do under section 1172.1, there was no order from which to appeal. (*People v. Brinson* (2025) 112 Cal.App.5th 1040, 1046-1047; *Hodge, supra,* 107 Cal.App.5th at p. 993.)

Thus, because the trial court's order denying Williams's motion was not appealable, we must dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


VAN ROOYEN, J.*


We concur:



ZUKIN, P. J.



MORI, J.

---

*        Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.